IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEGE JAMES BLACK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT E. EGGMANN, ) | Case No. 16-cv-0867-MJR |
| Bankruptcy Trustee, ) | |
| ) | |
| Appellee. ) | |

GEORGE JAMES BLACK,

        Appellant,

vs.

ROBERT E. EGGMANN,      Case No. 16-cv-0867-MJR
Bankruptcy Trustee,

        Appellee.

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

**A.    Introduction**

Now before the undersigned District Judge is George James Black's appeal from a ruling by the United States Bankruptcy Court for the Southern District of Illinois dismissing his bankruptcy petition. Black, an inmate in the Bureau of Prisons (FCI Greenville), filed for Chapter 7 bankruptcy in June 2016. At the time of filing, he sought exemption from the bankruptcy rule requiring a debtor to complete credit counseling and a financial management course on the premise that he was unable to do so while incarcerated. The Bankruptcy Court denied his request to be exempt, but did ultimately grant him a 45-day extension to file proof of his completion of those requirements. On July 22, 2016, after the 45-day extension had run, the Bankruptcy Court dismissed Black's petition for want of prosecution because he failed to supply the requisite proof of completion. Black then filed a notice of appeal with this Court seeking review of the Bankruptcy Court's ruling.

Black asks this Court to reverse the Bankruptcy Court's ruling dismissing his case for failing to file the required certificates of completion. He also requests that this Court remand the case with directions that the Bankruptcy Court assist him in taking an oath to properly complete his bankruptcy filings.

In response to Black's appeal, the trustee (Robert Eggmann) filed a motion to dismiss this action because Black failed to supply a proper record on appeal, as is required by Federal Rule of Bankruptcy Procedure 8009(a). Though Black did not respond to that motion or otherwise supply a record for the appeal, the trustee ultimately supplied the pertinent documents (Docs. 13 and 14).

In addition to the motion to dismiss, the trustee has also submitted a brief asking this Court to affirm the Bankruptcy Court's disposition of the case on the merits (Doc. 13). Black replied (Doc. 15). For the reasons described below, the Court rejects Black's appeal and affirms the Bankruptcy Court's ruling.

B. **Summary of Key Facts**

On June 6, 2016, Black filed a voluntary petition for bankruptcy under Chapter 7, Title 11 of the United States Code. The petition proceeded through the Bankruptcy Court as *In Re George Black (Inmate No. 12653-027)*, Case No. BK 16-30892. In Black's initial petition he sought a waiver of the credit counseling and financial management requirements based on his status as an inmate—alleging that due to 'disability' he was unable to satisfy those prerequisites. His only alleged disability was his status as an inmate at FCI Greenville. Black also submitted a separate motion seeking waiver of the credit counseling requirement based upon his incarceration.

On June 29, 2016, Bankruptcy Judge Laura K. Grandy issued an Order denying Black's motion for permanent waiver of the credit counseling requirement and directing satisfaction of the requirement within 14 days. Judge Grandy reasoned that 11 U.S.C. § 109(h)(4) of the Bankruptcy Code did not classify incarceration as a "disability," and multiple courts had interpreted the code to exclude incarceration as a "disability" for purposes of the credit counseling requirement. Judge Grandy extended the deadline for filing the certificate of completion to July 21, 2016, per Black's request.

On July 22, 2016, having received nothing from Black, the Bankruptcy Court dismissed the matter for want of prosecution, noting that Black failed to submit the certificate of completion for a budget and credit counseling course. On August 1, 2016, Black appealed the Bankruptcy Court's July 22nd Judgment.

C.    **Subject Matter Jurisdiction and Standard of Review**

This appeal is taken from a final order of the United States Bankruptcy Court for the Southern District of Illinois. The undersigned District Judge enjoys jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). This Court reviews the Bankruptcy Court's findings of fact for clear error, and the findings of law *de novo.* ***Arlington LF, LLC v. Arlington Hospitality, Inc.,* et al., 637 F.3d 706, 713 (7th Cir. 2011),** *citing In re Resource Tech. Corp.,* **624 F.3d 376, 382 (7th Cir. 2010).**

D.    **Analysis**

Black argues that the Bankruptcy Court erred by refusing to relieve him of the credit and financial management prerequisites to voluntary bankruptcy. His argument relies on two primary tenets—that his incarceration constitutes a 'disability' for

purposes of waiving the prerequisites, and that the bankruptcy court requirements are in essence denying him access to the courts due to his status of incarceration. The Court will address each contention in turn.

First, as to the Bankruptcy Court's dismissal of Black's petition, the Bankruptcy Court did not commit a legal error because the statute does not explicitly exempt inmates from the credit counseling requirements. 11 U.S.C. § 109(h). The statute does exempt those unable to complete the counseling by reason of disability, but Black does not fit the definition of disability. 11 U.S.C. § 109(h)(4) ("'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in person, telephone, or Internet briefing"). Although not binding, another district court held that a prisoner was not exempt from the credit counseling requirement solely due to his status of incarceration. *See In re James William Hubel*, **395 B.R. 823, 825-27 (N.D.N.Y. 2008)** (collecting authority and noting that the majority of courts have found that incarceration does not warrant a waiver of the credit counseling requirement).

This Court finds that Judge Grandy's application of the credit counseling requirement was not clearly erroneous. The statute provides certain clearly delineated exceptions to the requirement, and incarceration is not one of them. 11 U.S.C. § 109(h). Accordingly, the Court affirms the Bankruptcy Court's dismissal of Black's voluntary petition.

Second, Black's contention that the Bankruptcy Court denied him access to the courts by mechanically applying certain procedural requirements of bankruptcy proceedings, such as the requirement that an oath be administered, lacks merit. The

claim may have been waived because Black failed to raise it before the Bankruptcy Court. *See In re Sokolik*, 635 F.3d 261, 268 (7th Cir. 2011) **(finding that a district court appropriately applied waiver to a claim the plaintiff failed to raise before the bankruptcy court).** But even assuming the claim was not waived, it lacks merit.

"The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolan*, 380 F.3d 279, 291 (7th Cir. 2004). The right protects an individual's ability to pursue legal redress for claims that "have a reasonable basis in law or fact." *Id.* The Seventh Circuit considered the right in the context of a prisoner whose civil divorce papers were rejected outright by a clerk of court. *Id.* The panel in that case agreed that a right to access the courts existed and that the prisoner's right was not violated, but the panel did not agree on the framework for reaching that conclusion. *Id.* In the context of the present case, this Court finds Judge Easterbrook's concurring opinion persuasive. Judge Easterbrook found that the inmate's access to the court was not impeded by the clerk's rejection of his filing because the inmate could have sought redress via the very court from which his filing was denied (by seeking a judicial order directing the clerk to file the petition). *Id.* at 292-94. Thus, Easterbrook concluded that the inmate was not denied access to the court by the clerk's faulty action. *Id.*

Here, Black communicated with the Bankruptcy Court early in his case about the difficulty he faced with the credit counseling requirement, but the Bankruptcy Court record does not show that Black followed up with the Court when he was unable to overcome the issue of taking an oath while incarcerated. Black alleges that he asked

trustee Robert Eggmann to help him arrange the administration of an oath so that he could participate in a creditor's hearing. Apparently, despite his efforts the prison refused or was unable to make accommodations. Critically, Black's early communications with the Court seeking to extend or waive the timeline for credit counseling demonstrate that he understood how to ask the Court for help overcoming barriers to the successful pursuit of his case. Yet, after his initial request for an extension, there is no evidence that he sought further exceptions. Such a failure is akin to the situation in *Snyder* wherein Judge Easterbrook found that the plaintiff was not denied access to the courts because he could have reached out to the court to remedy a procedural bar imposed by the clerk of court. **Snyder, 380 F.3d at 292-94.** Likewise here, Black could have reached out to Judge Grandy regarding the oath issue or the need for further continuances, but he did not do so. The ultimate dismissal of his case, when he did not communicate with the Court about problems he was facing, was thus not a denial of access to the courts.

Having carefully reviewed the record before it, the undersigned Judge cannot conclude that the Bankruptcy Court clearly erred in finding that Black was not exempt from the credit counseling requirement, nor was Black barred from accessing the courts.

E. **Conclusion**

Thus, the Court **AFFIRMS** the decision of the United States Bankruptcy Court for the Southern District of Illinois. The Clerk of Court shall enter judgment in favor of Appellee Eggmann and against Appellant Black.

In light of the review herein of the merits of Appellant's claims, the Court hereby **DENIES** Appellee's Motion to Dismiss as **MOOT** (Doc. 11).

The Court also notes that Appellant's Motion to Proceed *In Forma Pauperis* is still pending (Doc. 5).  The Court ordered the Appellant to submit the transaction history of his inmate trust fund account for the past six months (Doc. 8).  Appellant submitted a summary statement of his account, but it is not sufficient to respond to the Court's Order (Doc. 12).  Based on the Appellant's failure to sufficiently comply with the Court's Order the Motion to Proceed *In Forma Pauperis* is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: November 22, 2016

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge